# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4488-BRO (AGR) | Date | October 11, 2016 |
|---|---|---|---|
| Title | Adrian De Shawn Wilson v. Los Angeles County Sheriff's Department, et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| not present | None |

**Proceedings:** **In Chambers: ORDER TO SHOW CAUSE WHY DEFENDANTS CRUZ AND SANDERVOL SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROVIDE INFORMATION NECESSARY FOR SERVICE OF PROCESS**

On June 21, 2016, Plaintiff, a pretrial detainee proceeding *pro se*, filed a civil rights complaint. The court issued an order directing the U.S. Marshal to serve process on defendants.

The process receipts filed on August 23, 2016 indicate that two defendants could not be served. The process receipts for Sandervol indicate there is no deputy by that name. (Dkt. Nos. 18-19.) The process receipts for Cruz indicate he retired with no forwarding information. (Dkt. Nos. 12-13.)

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

An "incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint" after "having provided the necessary information to help effectuate service" under 28 U.S.C. § 1915 and Rule 4. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).

When service cannot be accomplished due to the pro se plaintiff's failure to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal without prejudice is appropriate. *Id.* at 1421-22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4488-BRO (AGR) | Date | October 11, 2016 |
|---|---|---|---|
| Title | Adrian De Shawn Wilson v. Los Angeles County Sheriff's Department, et al. | | |

Plaintiff may be able to obtain further information by propounding discovery, such as interrogatories and/or a request for documents to an already-served official-capacity defendant to obtain further information needed to identify or locate the appropriate deputies. *See* Fed. R. Civ. P. 33, 34.

IT IS ORDERED that Plaintiff show cause in writing, ***on or before November 14, 2016,*** why Defendants Sandervol and Cruz should not be dismissed from this action without prejudice pursuant to Rule 4(m). Plaintiff should provide any additional information he has about Sandervol and Cruz so that they can be identified and served with process.

Initials of Preparer    mp